IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF ) | |
| THE COMPLAINT ) | |
| ) | |
| OF ) | |
| ) | |
| ATLANTIC MARINE, INC., Owner of the ) | CIVIL ACTION NO. 06-0100-CG-B |
| Barge, MOBILE HEAVY LIFTER,, ) | |
| BENDER SHIPBUILDING & REPAIR CO., ) | |
| INC., Charterer and Disponent Owner of ) | |
| the Barge MOBILE HEAVY LIFTER, ) | |
| ABS ID NO. 7700124, for exoneration from ) | |
| or limitation of liability. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on the motion of Seabulk Towing Services, Inc. ("Seabulk"), for summary judgment (Doc. 283). Seabulk's motion seeks summary judgment in its favor (1) exonerating it and the M/V MOBILE POINT from any liability or responsibility for any loss, injury, or damage arising out of or related to the incident made the basis of this consolidated action; and (2) dismissing with prejudice all claims which were asserted, or could have been asserted, in this consolidated action against Seabulk or the M/V MOBILE POINT.

On December 28, 2007, this court directed that any party opposing Seabulk's motion for summary judgment must file a response in opposition on or before January 16, 2008. (Doc. 286). To date, no response in opposition has been filed. On January 17, 2008, Seabulk filed a reply noting that no opposition had been filed and requesting that summary judgment be granted expeditiously so that Seabulk could avoid costs associated with attending several depositions that are set this week and in February. (Doc. 294).

"In opposing a motion for summary judgment, a 'party may not rely on his pleadings to avoid judgment against him.'" Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 592 (11th

1

Cir. 1995), cert. denied sub nom., Jones v. Resolution Trust Corp., 516 U.S. 817 (1995)(citing Ryan v. Int'l Union of Operating Eng'rs., Local 675, 794 F.2d 641, 643 (11th Cir. 1986)). Moreover, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment.  Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned." Id. at 599 (citations omitted).

There being no opposition to Seabulk's motion, the court, after reviewing the pleadings in this case, concludes that all claims against Seabulk and the M/V MOBILE POINT have been abandoned.   Therefore, Seabulk's motion for summary judgment (Doc. 283) is hereby **GRANTED** and Seabulk and the M/V MOBILE POINT are exonerated from any liability or responsibility for any loss, injury, or damage arising out of or related to the incident made the basis of this consolidated action; all claims against Seabulk Towing Services, Inc. and the M/V MOBILE POINT are hereby **DISMISSED with prejudice**.

**DONE and ORDERED** this 22nd day of January, 2008.

/s/ Callie V. S. Granade  
CHIEF UNITED STATES DISTRICT JUDGE