IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF ) | |
| THE COMPLAINT ) | |
| ) | |
| OF ) | |
| ) | |
| ATLANTIC MARINE PROPERTY ) | |
| HOLDING CO., INC., and  ATLANTIC ) | |
| MARINE, INC., Owners of the ) | CIVIL ACTION NO. 06-0100-CG-B |
| Barge, MOBILE HEAVY LIFTER; ) | |
| BENDER SHIPBUILDING & REPAIR CO.,) | |
| INC., Charterer and Disponent Owner of  ) | |
| the Barge, MOBILE HEAVY LIFTER, ) | |
| ABS ID NO. 7700124, for exoneration from  ) | |
| or limitation of liability. ) | |

**ORDER**

This cause is before the court on the motion of Bender Shipbuilding & Repair Co., Inc. ("Bender") to strike from the record United States Coast Guard Report (Doc. 381), opposition to the motion by the State of Alabama, Department of Transportation; Alabama State Port Authority; Plains Marketing, LP; Arch Specialty Insurance Company and Interested Lloyds Underwriters; and BP Products North America Inc. ("non-PEP claimants") (Doc. 406), and Bender's reply (Doc. 417).  The court finds that the entire content of the Coast Guard's report is precluded from being used in any civil litigation pursuant to 46 U.S.C. § 6308.  Therefore, Bender's motion to strike is due to be granted.

In support of its motion for partial summary judgment (Doc. 355), non-PEP claimants seek to introduce a portion of "the United States Coast Guard Report of Investigation into the Circumstances Surrounding the Incident Involving HK-MOBILE HVY LIFTER/CHEMUL-Brk Away on 08/29/2005."  Congress has expressly precluded the use of Coast Guard accident reports in private civil litigation:

> [N]o part of a report of a marine casualty investigation conducted under section 6301 of this title, including findings of fact, opinions, recommendations, deliberations, or conclusions, shall be admissible as evidence or subject to discovery in any civil or administrative proceedings, other than an administrative proceeding initiated by the United States.

46 U.S.C.A. § 6308(a). Congress enacted this statute to prevent the Coast Guard from becoming embroiled in private litigation resulting from marine accidents. See, e.g., Falconer v. Penn Mar., Inc., 397 F.Supp.2d 68, 70 (D. Me. 2005) ("The statute's blanket prohibition avoids Coast Guard involvement in later civil proceedings, except as provided in § 6308(b)."). Non-PEP claimants state that the portion they wish to introduce does not reference any findings, conclusions or submissions to the Coast Guard after Katrina struck. However, the majority of courts hold that the entire Coast Guard report, regardless whether it references any findings, conclusions or submissions is inadmissible under § 6308(a). See e.g. In re Eternity Shipping, Ltd., Eurocarriers, S.A. for Exoneration from or Limitation of Liability, 444 F.Supp.2d 347, 363 (D. Md. 2006); Falconer v. Penn Maritime, Inc. 397 F.Supp.2d 68, 70 (D. Me. 2005);  "[T]he statute expressly states that 'no part of a report' is admissible." In re Eternity Shipping, 444 F.Supp 2d at 363. "Although the statute specifies that findings of fact, opinions, and conclusions are inadmissible, that list is not exclusive." Id. (citations omitted). Whether or not the portion of the report they wish to admit mentions the findings of fact, opinions or conclusions reached by the Coast Guard, it is inadmissible. Id.

Non-PEP claimants assert that the evidence at issue was not generated by the Coast Guard during its investigation. It is evidence of what Bender submitted to the Coast Guard prior to Katrina and prior to the Coast Guard beginning any investigation. Non-PEP claimants argue that the evidence therefore falls under § 6308(b) rather than § 6308(a). Subsection (b) states the

following:

> (b) Any member or employee of the Coast Guard investigating a marine casualty pursuant to section 6301 of this title shall not be subject to deposition or other discovery, or otherwise testify in such proceedings relevant to a marine casualty investigation, without the permission of the Secretary. The Secretary shall not withhold permission for such employee or member to testify, either orally or upon written questions, on solely factual matters at a time and place and in a manner acceptable to the Secretary if the information is not available elsewhere or is not obtainable by other means.

46 U.S.C.A. § 6308. Although § 6308(b) provides a means for coast guard employees to testify concerning certain factual maters, it does not state that any contents of an investigatory report that contains the same information are admissible. The non-PEP claimants were free to take advantage of § 6308(b) by seeking permission for Coast Guard employees to testify. However, the court finds that the non-PEP claimants have presented no authority for the admissibility of any portion of the Coast Guard's investigatory report.

Non-PEP claimants request in their response that, if the court deems necessary, leave be granted so that the fact at issue can be established through testimony of an appropriate Coast Guard representative. However, this late in the proceeding, with trial only weeks away, the court finds it inappropriate to allow additional discovery. Claimants have had ample time to obtain the information from the Coast Guard and the court will not reopen discovery now. The court will allow the non-Pep claimants to amend their witness list to include a Coast Guard representative to testify concerning any matter admissible under the Federal Rules of Evidence, if the non-PEP claimants are able to obtain the appropriate permission from the Coast Guard for such testimony.

## CONCLUSION

For the reasons stated above, the motion of Bender Shipbuilding & Repair Co., Inc. to

3

strike from the record the United States Coast Guard Report (Doc. 381), is **GRANTED**.

**DONE and ORDERED** this 13th day of August, 2008.

/s/ Callie V. S. Granade  
CHIEF UNITED STATES DISTRICT JUDGE
