IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF ) | |
| THE COMPLAINT ) | |
| ) | |
| OF ) | |
| ) | |
| ATLANTIC MARINE, PROPERTY ) | |
| HOLDING CO., INC., and ATLANTIC ) | |
| MARINE, INC., Owners of the ) | CIVIL ACTION NO. 06-0100-CG-B |
| Barge, MOBILE HEAVY LIFTER; ) | |
| BENDER SHIPBUILDING & REPAIR CO.,) | |
| INC., Charterer and Disponent Owner of ) | |
| the Barge, MOBILE HEAVY LIFTER, ) | |
| ABS ID NO. 7700124, for exoneration from ) | |
| or limitation of liability. ) | |

**ORDER**

This cause is before the court on the motion of Pemex Exploracion Y Produccion ("PEP") to reconsider this court's order of November 14, 2008, granting the motions of Bender Shipbuilding & Repair Co., Inc. ("Bender") to dismiss contract related claims between Bender and PEP. (Doc. 500). PEP points out that this court's order did not reference PEP's renewed response in opposition (Doc. 498), filed the same day as the court's order, November 14, 2008. The court, after review of PEP's renewed opposition, still finds that Bender's motions to dismiss are due to be granted. Therefore, PEP's motion to reconsider is due to be denied.

PEP references it prior opposition and states that a better English translation of the pertinent provisions of the "Closing Agreements"which was not previously included in PEP's original opposition is attached to its renewed response in opposition (Doc. 498). PEP's motion to reconsider points to the language contained in the "Conclusion" section of the contracts which states that "[t]his report complies with the operations performed during the effective period and

rendering of the services included in the contract in accordance to the clauses and conditions stated therein, during the period from August 09, 2004 to August 28, 2005."[1]  PEP argues that this language makes clear that the Closing Agreements only cover the period prior to Hurricane Katrina which struck on August 29, 2005.  However, the court disagrees.  The Closing Agreements also state that certain repairs "did not take place due to Early Termination caused by a Fortuitous Event or Force Mejeure. Being the case of hurricane Katrina." (Doc. 429-2, p. 57).  The Closing Agreements further state that "the Early Termination of the contract in reference caused by a Fortuitous Event or Force Mejeure provoked by hurricane Katrina extinguished the legal contractual entail that entitles the parties to demand the compliance of the obligation."  While the translated language of the Closing Agreements is sometimes difficult to follow, it is clear that the closing documents view the contracts as having been extinguished by Hurricane Katrina.  In other words, the Closing Agreements state that, due to Hurricane Katrina, there were no further obligations under the contracts after August 28, 2005.  The court does not find that the stated time period affects the scope of the release.  The Closing Agreements closed all contract claims, as the contract was extinguished on August 29, 2008, and, therefore, there were no obligations arising under the contract after August 28, 2005.  As this court stated in its order of November 14, 2008, the release language is very broad - requiring that "the parties grant to each other the broadest release that could be granted under law in respect to any claim or action that could be derived from [the contracts]."  The court is not persuaded by PEP's renewed opposition

---

[1] The court notes that although PEP states that this is a better English translation, the language quoted here has not materially changed.  The prior translation stated "this report is in agreement to the services performed under the contract and in agreement with the clauses and conditions stipulated in the mentioned contract, during the period comprised between February 28, 2005 to August 28, 2005." (Doc. 429-2, pp. 60,71).

that anything less than all of the contractual based claims between Bender and PEP should be dismissed.

## CONCLUSION

For the reasons stated above, the motion of Pemex Exploracion Y Produccion to reconsider this court's order of November 14, 2008 (Doc. 500), is **DENIED**.

**DONE and ORDERED** this 31st day of December, 2008.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE