IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| IN THE MATTER OF<br>THE COMPLAINT<br><br>OF<br><br>ATLANTIC MARINE PROPERTY<br>HOLDING CO., INC., and  ATLANTIC<br>MARINE, INC., Owners of the<br>Barge, MOBILE HEAVY LIFTER;<br>BENDER SHIPBUILDING & REPAIR CO.,<br>INC., Charterer and Disponent Owner of<br>the Barge, MOBILE HEAVY LIFTER,<br>ABS ID NO. 7700124, for exoneration from<br>or limitation of liability. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 06-0100-CG-B |

## ORDER

This matter is before the court on the motion of Bender Shipbuilding & Repair Co.

("Bender") for adverse inference (Doc. 451), opposition thereto filed by Pemex Exploracion y

Produccion ("PEP") (Doc. 463), and Bender's reply (Doc. 472).

Bender seeks an adverse for PEP's failure to produce some of its employees' personal

emails.  Bender claims that such emails will show that PEP participated in preparations for

Katrina and approved the mooring system.  "[A]n adverse inference is drawn from a party's

failure to preserve evidence only when the absence of that evidence is predicated on bad faith."

Bashir v. Amtrak, 119 F.3d 929, 931 (11th Cir.1997) (citation omitted). "Mere negligence in

losing or destroying the records is not enough for an adverse inference." Id. (citation omitted).

PEP has explained that when its employees were initially questioned regarding the

existence of emails generated while the CHEMUL was in Mobile for repairs, they did not

understand that the request encompassed those generated via the employees' personal accounts.

This court ordered PEP to have its employees execute written waivers authorizing the email

providers to release to Bender email communications for the time period in question. (Doc. 336).

However, the email providers ultimately responded that they do not archive and were unable to

produce deleted emails and could only provide those emails presently accessible to the account

holder.  In the same order that required PEP to have the waivers executed, the court found that

PEP's failure to produce the emails in question did not justify the imposition of sanctions (Doc.

336, p.7), and there is no evidence that PEP acted in bad faith after being ordered to provide the

waivers.  There simply is no probative evidence in this case to indicate that PEP purposely lost

or destroyed the personal emails.  Therefore, Bender's motion for adverse inference (Doc. 451)

is hereby **DENIED**.

   **DONE** and **ORDERED** this 29th day of April, 2009.


        /s/ Callie V. S. Granade
        CHIEF UNITED STATES DISTRICT JUDGE